1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **SOUTHERN DISTRICT OF CALIFORNIA**

10   CRISTOBAL RAMOS QUIROZ,              CASE NO. 17cv60-WQH-JMA

11                        Petitioner,    ORDER

12        v.
     IMMIGRATION,

13
                         Respondent.

14   HAYES, Judge:

15        The matter before the Court is the Petition for Writ of Habeas Corpus ("Petition")

16   filed by Petitioner Cristobal Ramos Quiroz pursuant to 28 U.S.C § 2241.  (ECF No. 1).

17                              **BACKGROUND**

18        Petitioner is a native citizen of Mexico and has alleged that he is currently in

19   custody of the Department of Homeland Security ("DHS") at Otay Mesa Detention

20   Center.[1]  (Exhibit H, ECF No. 8-9 at 2; ECF No. 1).  Petitioner was granted lawful

21   permanent resident status in March 1988.  (Exhibit B, ECF No. 8-3 at 2).  On April 14,

22   1994, Petitioner was convicted of corporal injury to a spouse under California Penal

23   Code section 273.5(A) and assault causing great bodily injury with a deadly weapon

24   under California Penal Code section 245(a)(1).  (Exhibit C, ECF No. 8-4 at 2).  The

25   Immigration and Naturalization Services filed a notice to appear initiating removal

26   proceedings against Petitioner pursuant to section 237(a)(2)(A)(iii) of the Immigration

27

28        [1] On March 2, 2017, Petitioner filed a Notice of Change of Address indicating
     that he is no longer at the Otay Mesa Detention Center.  (ECF No. 9).

1    and Nationality Act due to an aggravated felony conviction.  (Exhibit D, ECF No. 8-5

2    at 2).  Petitioner was removed to Mexico on February 9, 1999.  (Exhibit E, ECF No. 8-

3    6).

4         Petitioner was removed again on February 6, 2008 following a conviction  of

5    possession of a controlled substance in violation of California Health and Safety Code

6    section 11377(a).  (Exhibit G, ECF No. 8-8; Exhibit F, ECF No. 8-7 at 2).

7         On March 10, 2016, DHS issued a notice to appear which alleges that Petitioner

8    arrived at the San Ysidro port of entry on or about January 31, 2016 and expressed a

9    credible fear of persecution or torture.  (ECF No. 8-9 at 2).  DHS charged him as subject

10   to removal as an arriving alien without any valid entry document.  *Id.*  On August 25,

11   2016, an Immigration Judge issued an order denying Petitioner's application for

12   asylum, ordering Petitioner's removal, Petitioner's application for withholding or

13   removal and denying protection under the Convention Against Torture.  (Exhibit A,

14   ECF No. 8-2 at 12).

15        On August 1, 2016, an Immigration Judge denied Petitioner's request for a

16   change in custody status.  (Exhibit J, ECF No. 8-11 at 2).  The Board of Immigration

17   Appeals affirmed the custody determination decision on October 1, 2016. *Id.* at 3.  On

18   October 24, 2016, Petitioner filed a petition for review with the Ninth Circuit Court of

19   Appeals. *Ramos Quiroz v. Sessions*, No. 16-73407 (filed Oct. 24, 2016).

20        On January 6, 2017, Petitioner filed the Petition for Writ of Habeas Corpus

21   pursuant to 28 U.S.C. § 2241.  (ECF No. 1).  On January 13, 2017, the Court dismissed

22   the Petition without prejudice and with leave to amend for failure to satisfy the filing

23   fee requirement.  (ECF No. 2).  On January 31, 2017, Petitioner filed a "Request for Fee

24   Waiver" which this Court construed as a motion to proceed in forma pauperis.  (ECF

25   No. 4).  On February 9, 2017, the Court granted the application to proceed in forma

26   pauperis and reopened the case.  (ECF No. 5).

27        On February 9, 2017, the Court issued an Order to Show Cause why the Petition

28   should not be granted.  (ECF No. 6).  The Court ordered that a return shall be filed by

1   February 23, 2017 and any traverse shall be filed by March 9, 2017.  *Id.*

2   On February 23, 2017, the Government filed a return.  (ECF No. 8).  The

3   Government contends that this Court lacks jurisdiction over this matter because

4   Petitioner seeks review of an order of removal and matters attendant to that order.  *Id.*

5   at 6.  The Government contends that Petitioner may not pursue this claim before a

6   district court by means of a habeas petition but must present his claim to the circuit

7   court through a petition for review.  *Id.* at 6-7.  The Government contends that the

8   Petition should be denied because DHS recently lodged new charges of inadmissibility

9   against Petitioner and Petitioner has failed to exhaust his administrative remedies.  *Id.*

10   at 7.

11   The record reflects that Petitioner has not filed a traverse.

12   **RULING OF THE COURT**

13   A federal court may grant a petition for writ of habeas corpus pursuant to 28

14   U.S.C. § 2241 if a federal petitioner can demonstrate that he "is in custody in violation

15   of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).

16

17   Pursuant to 8 U.S.C. § 1252, habeas jurisdiction over removal orders is vested

18   solely with the courts of appeal.  *See* 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other

19   provision of law (statutory or nonstatutory), including section 2241 of Title 28, ... a

20   petition for review filed with an appropriate court of appeals in accordance with this

21   section shall be the sole and exclusive means for judicial review of an order of

22   removal.").  Section 1252 also provides for the consolidation of questions for judicial

23   review:

24   Judicial review of all questions of law and fact, including interpretation
    and application of constitutional and statutory provisions, arising from any
25   action taken or proceeding brought to remove an alien from the United
    States under this subchapter shall be available only in judicial review of
26   a final order under this section.  Except as otherwise provided in this
    section, no court shall have jurisdiction, by habeas corpus under section
27   2241 of Title 28 . . . to review such an order or such questions of law or
    fact.

28

1 | 8 U.S.C. § 1252(b)(9); *see also Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir.

2 | 2012).

3 |      In this matter, Petitioner seeks review of an order of removal. The Petitioner

4 | seeks "reinstatement of my lawful permanent resident status" and contends that he was

5 | wrongfully deported in 1999. (ECF No. 1 at 1, 3). The Court concludes that it lacks

6 | jurisdiction to consider the instant Petition. *See* 8 U.S.C. § 1252.

7 |      IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF

8 | No. 1) filed by Petitioner is DENIED.

9 | DATED: March 28, 2017

10

**WILLIAM Q. HAYES**
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28